RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 10/14/05

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| Brian E. Taylor | Civil Action No. 6:03-545 |
| versus | Judge Tucker L. Melançon |
| Atchafalaya Provisions, Inc., et al. | Magistrate Judge Hill |

## MEMORANDUM RULING

Before the Court is an unopposed Motion for Summary Judgment filed by defendant Atchafalaya Provisions, Inc. ("Atchafalaya"). [Rec. Doc. 46]. For the following reasons, defendant's motion will be granted.

### I. Background

The present suit, alleging discriminatory employment practices in violation of 42 U.S.C. § 2000(e) et seq., arose out of Brian Taylor's failure to be promoted and subsequent termination. The following facts are not in dispute.

Taylor's most recent start date for Atchafalaya was February 22, 1999 at the company's St. Martinville, Louisiana Popeye's location as a crew member at a wage rate of $5.15 per hour. On April 26, 1999, Taylor received a pay raise to bring his hourly rate to $5.50. On May, 16, 2000, plaintiff resigned from the St. Martinville, Louisiana location, stating lack of transportation as his reason for resignation. On

1

October 2, 2000, Taylor began working for Atchafalaya at its Broussard, Louisiana restaurant location as an assistant manager at a wage rate of $6.00 per hour. On January 29, 2001, plaintiff received a wage rate increase to the amount of $7.00 per hour. On May 6, 2000, Taylor was transferred to Atchafalya's Breaux Bridge, Louisiana location. At the Breaux Bridge restaurant, he maintained his assistant manager's position and his hourly rate remained at $7.00 per hour. On September 27, 2002, Taylor was terminated by Atchafalaya. In the Separation Notice, Atchafalaya stated that Taylor failed to "work up to company standards." At the time of termination, Taylor's hourly pay rate was $7.00. Throughout the course of plaintiff's employment, Taylor was cited seven times for various occurrences of substandard work performance.[1] On October 15, 2002, Taylor filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). On December 18, 2002, the EEOC

---

[1] On July 17, 2001, plaintiff was cited for being thirty minutes late for work. (*Defendant's Exhibit* "F"). On December 6, 2001, Taylor was cited for being fifty minutes late for work. (*Defendant's Exhibit* "G"). On January 31, 2002, plaintiff was cited for being forty minutes late for work. (*Defendant's Exhibit* "H"). On March 5, 2002, Taylor was cited for being late for work. No stated delinquency time was provided. (*Defendant's Exhibit* "I"). On September 12, 2002, plaintiff was cited for not showing up for work and for failing to notify a supervisor of his absence. (*Defendant's Exhibit* "K"). On September 13, 2002, Taylor was cited for being fifteen minutes late for work. (*Defendant's Exhibit* "L"). On September 15, 2002, plaintiff was suspended, pending termination, for allegedly lying to a supervisor about taking a break while remaining on the clock. (*Defendant's Exhibit* "M").

issued a Dismissal and Notice of Rights to Taylor. On march 24, 2003, plaintiff filed this present action.

## *II. Summary Judgment Standard*

A motion for summary judgment shall be granted if the pleadings, depositions and affidavits show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Little v. Liquid Air Corp.*, 37 F.3d 1069 (5th Cir. 1994)(en banc). When a party seeking summary judgment bears the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if such evidence were uncontroverted at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim. *Celotex Corp.*, 477 U.S. at 324.

Once the movant produces such evidence, the burden shifts to the respondent to direct the attention of the court to evidence in the record sufficient to establish that there is a genuine issue of material fact requiring a trial. *Id.* The responding party may not rest on mere allegations made in the pleadings as a means of establishing a genuine issue worthy of trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986); *Little*, 37 F.3d at 1075. If no issue of fact is presented and if the mover is

3

entitled to judgment as a matter of law, the court is required to render the judgment prayed for. Fed. R. Civ. P. 56(c); *Celotex Corp.*, 477 U.S. at 322. Before it can find that there are no genuine issues of material fact, however, the court must be satisfied that no reasonable trier of fact could have found for the non-moving party. *Id.*

### III. Analysis

As an initial matter, the fact that Taylor has not filed an opposition to defendant's motion does not necessarily signify that Atchafalaya should prevail on the merits. "A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995). However, Taylor's failure to file an opposition and statement of contested material facts in response to the motion requires the Court to deem Atchafalaya's statements of uncontested material facts admitted for purposes of their instant motions. *See* Local Rule 56.2W.[2]

---

[2]Defendant's Motion for Summary Judgment was filed with the Court on August 26, 2005. According to LR7.5W, plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment would have been due by September 12, 2005.

4

## A. Prima Facie Case

In order to prevail on a claim of intentional discrimination under 42 U.S.C. § 1981, §2000e or Title VII, a plaintiff must first establish a *prima facie* case of discrimination. *Raggs v. Mississippi Power and Light Co.*, 278 F. 3d 463, 468 (5th Cir 2002). To demonstrate a *prima facie* case of discrimination by disparate treatment or for failure to promote, the plaintiff must show: 1) that he is a member of a protected class; 2) that he was qualified for the promotion or benefit; 3) that he did not receive the benefit; and 4) the employer filled the position or provided the benefit to an employee outside of the protected class. *Page v. U.S. Industries,* Inc., 726 F.2d 1038, 1055 (5th Cir. 1984) citing *McDonnell Douglas v. Green*, 411 U.S. 792, 802 (1973).

In his Complaint, plaintiff avers that James Bernard, Taylor's supervisor, was having "affair[s] with female workers and managers," who were similarly situated with plaintiff. [Rec. Doc. No. 1]. Taylor further alleges that these women were "given privileges of scheduling, better pay, recognition, promotion, [and] job security in exchange for an affair," which resulted in Taylor "not having the same benefits." *Id.* Taylor's allegations are unsubstantiated. "A Title VII plaintiff bears the initial burden to prove a *prima facie* case of discrimination by a preponderance of the evidence." *Greene v. Daimler-Chrysler Services of North America*, 128 Fed. Appx.

353, 356 (5th Cir. 2005). Based on the record, Taylor has failed to present evidence that he was treated in a discriminatory manner, as compared with the treatment received by his female contemporaries. That alone would end the Court's inquiry as to the alleged disparate treatment practices of Atchafalaya. Assuming, *arguendo*, that a prima facie case has been established, plaintiff's claims still must fail.

B. *McDonnell Douglas* Burden Shifting Analysis

If a plaintiff establishes a *prima facie* case of discrimination, the burden then shifts to the employer to offer evidence that the actions it took were "justified by a legitimate, nondiscriminatory reason." *Raggs*, 278 F.3d at 468 (citing *Reeves v. Sanderson Plumbing Products*, Inc., 530 U.S. 133, 142 (2000)). If the employer produces such evidence, the burden then shifts back to the plaintiff to prove by a preponderance of the evidence that the employer's proffered nondiscriminatory reasons are pretextual. *Id.* (citations omitted). "[E]vidence of pretext alone is not enough where the plaintiff has created only a weak issue of fact as to whether the employer's reason is untrue, and there is 'abundant and uncontroverted independent evidence that no discrimination [ ] occurred." *Id.* While the evidentiary burden shifts between the parties, "'[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains as [sic] all times with the plaintiff.'" *Id.* (citations omitted).

Atchafalaya has produced evidence that it had cause for not promoting, and ultimately terminating, Taylor. Taylor's personnel file contains seven citations for tardiness, absence, and noncompliance with managerial direction. (*Defendant's Exhibits* "F - M"). Indeed, within the three weeks preceding his termination, Taylor failed to show up for work or notify his supervisor of his absence, arrived fifteen minutes late for work, and lied to his supervisor about taking a break while remaining on the clock. Moreover, Taylor has offered no evidence that defendant's proffered nondiscriminatory reasons are pretextual. Therefore, Taylor cannot prevail on his claim of discriminatory treatment and termination without more than unsubstantiated allegations. Accordingly, plaintiff's claims must be dismissed.

*IV. Conclusion*

Taylor has failed to make a *prima facie* case that defendant acted in a discriminatory manner in violation of 42 U.S.C. § 2000(e) et seq. Moreover, plaintiff has failed to show that defendant's reasons for not promoting, and ultimately terminating, him were pretextual. Therefore, his claims must fail. For the foregoing reasons, the Court will grant defendant's motion for summary judgment and dismiss plaintiff's claims against the defendant with prejudice.

COPY SENT
DATE 10/14/05
BY [signature]
TO [signature]